UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

SERVICE DRIVEN TRANSPORT, INC., a Washington corporation

                    Plaintiff,

        vs.

AVANGARD LOGISTICS CO, a California corporation, ALEXANDER, WINTON & ASSOCIATES, INC., a Mississippi corporation, and LIAM O'DONNELL, in his sole and separate right,

        Defendants.

Case No. 2:25-cv-00416-SAB

STIPULATED PROTECTIVE ORDER

1.      PURPOSES AND LIMITATIONS

Discovery in this action is likely to involve sensitive financial information for which special protection is warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this agreement is consistent with Civil Rule 26. It does not confer

STIPULATION FOR PROTECTIVE ORDER - 1

USDC EASTERN DISTRICT OF WA CAUSE NO.
2:25-CV-00416-SAB

172074581.1

OVERCAST LAW OFFICES
23 South Wenatchee Avenue, Suite 320
Wenatchee, Washington 98801
Telephone (509) 663-5588 fax (509) 662-5508

blanket protection on all disclosures or responses to discovery, the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles, and it does not presumptively entitle parties to file confidential information under seal.

The initial documents contemplated as confidential shall be certain proprietary information of Plaintiff, Service Driven Transport, Inc or Defendant Alexander Winton & Associates Inc., ("AWA") and Defendant Liam O'Donnell ("O'Donnell") collectively herein referred to as ("Defendants").

2.    "CONFIDENTIAL" MATERIAL

"Confidential" material shall include those documents and tangible things produced or otherwise exchanged marked "CONFIDENTIAL" by the producing party.

3.    SCOPE

The protections conferred by this agreement cover not only confidential material (as defined above), but also (1) any information copied or extracted from confidential material; (2) all copies, excerpts, summaries, or compilations of confidential material; and (3) any testimony, conversations, or presentations by parties or their counsel that might reveal confidential material. However, the

STIPULATION FOR PROTECTIVE ORDER - 2

USDC EASTERN DISTRICT OF WA CAUSE NO.
2:25-CV-00416-SAB

172074581.1

**OVERCAST LAW OFFICES**
**23 South Wenatchee Avenue, Suite 320**
**Wenatchee, Washington 98801**
**Telephone (509) 663-5588 fax (509) 662-5508**

protections conferred by this agreement do not cover information that (a) is or becomes generally available to the public other than as a result of disclosure by the recipient; (b) was available to or already known by the recipient on a non-confidential basis prior to its disclosure by the other party; (c) is developed by the recipient independently of any information acquired from the other party; (d) becomes available to the recipient on a non-confidential basis from a third party, provided that the recipient has no reason to know that the third party is or may be bound by a confidentiality agreement with the other party; or (e) is disclosed pursuant to a court order or the requirement of any governmental authority.

4.    ACCESS TO AND USE OF CONFIDENTIAL MATERIAL

4.1    Basic Principles. A receiving party may use confidential material that is disclosed or produced by another party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Confidential material may be disclosed only to the categories of persons and under the conditions described in this agreement. Confidential material must be stored and maintained by a receiving party at a location and in a secure manner that ensures that access is limited to the persons authorized under this agreement.

STIPULATION FOR PROTECTIVE ORDER - 3

USDC EASTERN DISTRICT OF WA CAUSE NO.
2:25-CV-00416-SAB

172074581.1

**OVERCAST LAW OFFICES**
**23 South Wenatchee Avenue, Suite 320**
**Wenatchee, Washington 98801**
**Telephone (509) 663-5588 fax (509) 662-5508**

4.2    Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the designating party, a receiving party may disclose any confidential material only to:

(a)    the receiving party's counsel of record in this action, as well as employees of counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b)    the officers, directors, and employees of the receiving party to whom disclosure is reasonably necessary for this litigation, unless the parties agree that a particular document or material produced is for Attorney's Eyes Only and is so designated;

(c)    the court, court personnel, and court reporters and their staff;

(d)    copy or imaging services retained by counsel to assist in the duplication of confidential material, provided that counsel for the party retaining the copy or imaging service instructs the service not to disclose any confidential material to third parties and to immediately return all originals and copies of any confidential material;

(e)    during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the designating

STIPULATION FOR PROTECTIVE ORDER - 4

USDC EASTERN DISTRICT OF WA CAUSE NO.
2:25-CV-00416-SAB

172074581.1

**OVERCAST LAW OFFICES**
**23 South Wenatchee Avenue, Suite 320**
**Wenatchee, Washington 98801**
**Telephone (509) 663-5588 fax (509) 662-5508**

party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal confidential material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this agreement;

(f)    the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

4.3    Filing Confidential Material. Before filing confidential material or discussing or referencing such material in court filings, the filing party shall confer with the designating party to determine whether the designating party will remove the confidential designation, whether the document can be redacted, or whether a motion to seal or stipulation and proposed order is warranted. During the meet and confer process, the designating party must identify the basis for sealing the specific confidential information at issue, and the filing party shall include this basis in its motion to seal, along with any objection to sealing the information at issue. If any objections remain after the meet and confer, the parties shall resolve any outstanding confidentiality matters as outlined in 6.3.

5.    DESIGNATING PROTECTED MATERIAL

5.1    Exercise of Restraint and Care in Designating Material for Protection. The designating party must designate for protection only those parts of material,

STIPULATION FOR PROTECTIVE ORDER - 5

USDC EASTERN DISTRICT OF WA CAUSE NO.
2:25-CV-00416-SAB

172074581.1

**OVERCAST LAW OFFICES**
**23 South Wenatchee Avenue, Suite 320**
**Wenatchee, Washington 98801**
**Telephone (509) 663-5588 fax (509) 662-5508**

documents, items, or oral or written communications that qualify, so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this agreement.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (*e.g.*, to unnecessarily encumber or delay the case development process or to impose unnecessary expenses and burdens on other parties) expose the designating party to sanctions.

If it comes to a designating party's attention that information or items that it designated for protection do not qualify for protection, the designating party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2    <u>Manner and Timing of Designations</u>. Except as otherwise provided in this agreement, or as otherwise stipulated or ordered, disclosure or discovery material that qualifies for protection under this agreement must be clearly so designated before or when the material is disclosed or produced.

(a)    <u>Information in documentary form</u>: (*e.g.*, paper or electronic documents and deposition exhibits, but excluding transcripts of depositions or other pretrial or trial proceedings), the designating party must affix the word "CONFIDENTIAL" to each page that contains confidential material. If only a

STIPULATION FOR PROTECTIVE ORDER - 6

USDC EASTERN DISTRICT OF WA CAUSE NO.
2:25-CV-00416-SAB

**OVERCAST LAW OFFICES**
**23 South Wenatchee Avenue, Suite 320**
**Wenatchee, Washington 98801**
**Telephone (509) 663-5588 fax (509) 662-5508**

172074581.1

portion or portions of the material on a page qualifies for protection, the producing party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins).

(b) <u>Testimony given in deposition or in other pretrial or trial proceedings</u>: the parties must identify on the record, during the deposition, hearing, or other proceeding, all protected testimony, without prejudice to their right to so designate other testimony after reviewing the transcript. Any party or non-party may, within fifteen days after receiving a deposition transcript, designate portions of the transcript, or exhibits thereto, as confidential.

(c) <u>Other tangible items</u>: the producing party must affix in a prominent place on the exterior of the container or containers in which the information or item is stored the word "CONFIDENTIAL." If only a portion or portions of the information or item warrant protection, the producing party, to the extent practicable, shall identify the protected portion(s).

5.3     <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the designating party's right to secure protection under this agreement for such material. Upon timely correction of a designation, the receiving party must make reasonable efforts to ensure that the material is treated in accordance with the

STIPULATION FOR PROTECTIVE ORDER - 7

USDC EASTERN DISTRICT OF WA CAUSE NO. 2:25-CV-00416-SAB

**OVERCAST LAW OFFICES**
**23 South Wenatchee Avenue, Suite 320**
**Wenatchee, Washington 98801**
**Telephone (509) 663-5588 fax (509) 662-5508**

172074581.1

provisions of this agreement.  For purposes of this agreement, timely corrected means the later of three (3) weeks of production of the document or pre-trial conference.

6.      CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1      Timing of Challenges. Any party or non-party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a designating party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2      Meet and Confer. The parties must make every attempt to resolve any dispute regarding confidential designations without court involvement. Any motion regarding confidential designations or for a protective order must include a certification, in the motion or in a declaration or affidavit, that the movant has engaged in a good faith meet and confer conference with other affected parties in an effort to resolve the dispute without court action. The certification must list the date, manner, and participants to the conference. A good faith effort to confer requires a face-to-face meeting or a telephone conference.

STIPULATION FOR PROTECTIVE ORDER - 8

USDC EASTERN DISTRICT OF WA CAUSE NO.
2:25-CV-00416-SAB

172074581.1

**OVERCAST LAW OFFICES**
**23 South Wenatchee Avenue, Suite 320**
**Wenatchee, Washington 98801**
**Telephone (509) 663-5588 fax (509) 662-5508**

6.3    Judicial Intervention. If the parties cannot resolve a challenge without court intervention, the designating party may file and serve a motion to retain confidentiality. The burden of persuasion in any such motion shall be on the designating party. Frivolous challenges, and those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other parties) may expose the challenging party to sanctions. All parties shall continue to maintain the material in question as confidential until the court rules on the challenge.  The United States District Court for the Eastern District of Washington will have sole and exclusive jurisdiction to resolve any and all matters arising under or related to this agreement, inclusive but not limited to enforcement.

7.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," that party must:

(a)    promptly notify the designating party in writing and include a copy of the subpoena or court order;

(b)    promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the

STIPULATION FOR PROTECTIVE ORDER - 9

USDC EASTERN DISTRICT OF WA CAUSE NO.
2:25-CV-00416-SAB

172074581.1

**OVERCAST LAW OFFICES**
**23 South Wenatchee Avenue, Suite 320**
**Wenatchee, Washington 98801**
**Telephone (509) 663-5588 fax (509) 662-5508**

subpoena or order is subject to this agreement. Such notification shall include a copy of this agreement; and

(c)     cooperate with respect to all reasonable procedures sought to be pursued by the designating party whose confidential material may be affected.

8.     <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

If a receiving party learns that, by inadvertence or otherwise, it has disclosed confidential material to any person or in any circumstance not authorized under this agreement, the receiving party must immediately (a) notify in writing the designating party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the protected material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this agreement, and (d) request that such person or persons execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

9.     <u>INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL</u>

When a producing party gives notice to receiving parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the receiving parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure

STIPULATION FOR PROTECTIVE ORDER - 10

USDC EASTERN DISTRICT OF WA CAUSE NO. 2:25-CV-00416-SAB

OVERCAST LAW OFFICES
23 South Wenatchee Avenue, Suite 320
Wenatchee, Washington 98801
Telephone (509) 663-5588 fax (509) 662-5508

172074581.1

may be established in an e-discovery order or agreement that provides for production without prior privilege review.

10. <u>NON-TERMINATION AND RETURN OF DOCUMENTS</u>

Within 60 days after the termination of this action, including all appeals, each receiving party must return all confidential material to the producing party, including all copies, extracts and summaries thereof. Alternatively, the parties may agree upon appropriate methods of destruction.

Notwithstanding this provision, counsel are entitled to retain one archival copy of all documents filed with the court, trial, deposition, and hearing transcripts, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain confidential material. The confidentiality obligations imposed by this agreement shall remain in effect until a designating party agrees otherwise in writing or a court orders otherwise.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

[Signature Page to Follow]

STIPULATION FOR PROTECTIVE ORDER - 11

USDC EASTERN DISTRICT OF WA CAUSE NO. 2:25-CV-00416-SAB

**OVERCAST LAW OFFICES**
**23 South Wenatchee Avenue, Suite 320**
**Wenatchee, Washington 98801**
**Telephone (509) 663-5588 fax (509) 662-5508**

172074581.1

OVERCAST LAW OFFICES
/s/David Visser
David Visser, WSBA #41546
David A. Kazemba, WSBA #48049
Attorneys for Plaintiffs
23 S. Wenatchee Ave., Suite 320
Wenatchee WA  98801
(509) 663-5588

LEWIS BRISBOIS, BISGAARD &
SMITH, LLP

/s/ Donna M. Chamberlin
Donna M. Chamberlin, WSBA #31227
Mason D. Fletcher, WSBA #60814
Attorneys for Defendants AWA and
O'Donnell
1420 Fifth Ave Ste 2050
Seattle, WA 98101
(206) 436-2020
Donna.Chamberlin@lewisbrisbois.com
Mason.fletcher@lewisbrisbois.com

STIPULATION FOR PROTECTIVE ORDER - 12

USDC EASTERN DISTRICT OF WA CAUSE NO.
2:25-CV-00416-SAB

172074581.1

PURSUANT TO STIPULATION, IT IS SO ORDERED

STIPULATION FOR PROTECTIVE ORDER - 13

USDC EASTERN DISTRICT OF WA CAUSE NO.
2:25-CV-00416-SAB

**OVERCAST LAW OFFICES**
**23 South Wenatchee Avenue, Suite 320**
**Wenatchee, Washington 98801**
**Telephone (509) 663-5588 fax (509) 662-5508**

172074581.1

## EXHIBIT A

### ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____, understand that information and/or documents that are to be disclosed to me by counsel of record for _____ (name of party), are confidential and may be used by me solely to assist in the matter of Service Driven Transport, Inc. v. Avangard Logistics Co, et al, Case No. 2:25-cv-00416-SAB. I hereby acknowledge that I have received a copy of the protective order entered in this case, that I have read it, and that I agree to be bound by its terms. I understand that the protective order prohibits me from using confidential information or documents for any other purpose and from disclosing such documents and information to any other person. I further agree to be subject to the jurisdiction of the U.S. District Court, Eastern District of Washington, for purposes of enforcement of the protective order and my obligations under this Agreement.

_____

Signed by Recipient

Dated: _____

STIPULATION FOR PROTECTIVE ORDER - 14

USDC EASTERN DISTRICT OF WA CAUSE NO. 2:25-CV-00416-SAB

**OVERCAST LAW OFFICES**
**23 South Wenatchee Avenue, Suite 320**
**Wenatchee, Washington 98801**
**Telephone (509) 663-5588 fax (509) 662-5508**

172074581.1